IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. BRYSON, JR., <br><br> Petitioner, <br><br> v. <br><br> PAUL COPENHAVER, Warden, <br><br> Respondent. | Case No. 1:13-cv-01148 MJS (HC) <br><br> **FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM** <br><br> **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** <br><br> **[Doc. 1]** |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on July 24, 2013. (Pet., ECF No. 1.) In the petition, Petitioner alleges that sentencing worksheets contained in Appendix D to the 2000 Federal Sentencing Guidelines Manual are not available to Petitioner. Petitioner contends that not having access to the worksheet forms prevents Petitioner from properly petitioning the government to challenge his sentencing at trial. (Id. at 13.)

I. **DISCUSSION**

    A. **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

1

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State Cognizable Claim

The instant petition must be dismissed because it does not challenge the fact or duration of Petitioner's confinement.

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

Petitioner's claims do not implicate the fact or duration of his confinement. Petitioner seeks relief for a condition of his confinement. (See Pet.) Petitioner seeks legal materials to help prepare to file a grievance to challenge his sentencing at trial. Petitioner does not challenge his underlying conviction by way of this petition. Instead, Petitioner only requests access to the sentencing worksheets requested so that he can

1 prepare a challenge to his conviction. Petitioner's claims are not cognizable grounds for
2 federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his
3 claims, he must do so by way of a civil rights complaint. The Court expresses no opinion
4 as to the merits of such a civil rights complaint.

5 As it does not appear possible that the deficiencies identified herein can be cured
6 by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal
7 of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en
8 banc).

9 In an appropriate case a habeas petition may be construed as a Section 1983
10 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418
11 (1971). Although the Court may construe a habeas petition as a civil rights action, it is
12 not required to do so. Since the time when the Wilwording case was decided there have
13 been significant changes in the law. For instance, the filing fee for a habeas petition is
14 five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For
15 civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform
16 Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of
17 deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A
18 prisoner who might be willing to file a habeas petition for which he or she would not have
19 to pay a filing fee might feel otherwise about a civil rights complaint for which the $350
20 fee would be deducted from income to his or her prisoner account. Also, a civil rights
21 complaint which is dismissed as malicious, frivolous, or for failure to state a claim would
22 count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

23 In view of these potential pitfalls for Petitioner if the petition were construed as a
24 civil rights complaint, the case is DISMISSED without prejudice to Petitioner to present
25 the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas
26 petition, which will be assigned a separate civil number. The Clerk of Court shall send
27 Petitioner a blank civil rights complaint form along with a copy of this Order.
28 ///

## II. **CONCLUSION AND RECOMMENDATION**

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 42 U.S.C. § 1983. Further, the Court ORDERS the Clerk of Court to assign a District Court Judge to the present matter.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 29, 2013            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

4